# Supreme Court of Florida

_____

No. SC16-574
_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR
4-1.1 AND 6-10.3.**

[September 29, 2016]

PER CURIAM.

This matter is before the Court on the petition of The Florida Bar (Bar)

proposing amendments to the Rules Regulating the Florida Bar (Bar Rules).  See

R. Regulating Fla. Bar 1-12.1.  We have jurisdiction.  See art. V, § 15, Fla. Const.

The Bar's petition in this case proposes amendments to two Bar Rules: 4-1.1

(Competence) and 6-10.3 (Minimum Continuing Legal Education Standards).  The

proposals were approved by the Board of Governors, and formal notice of the

proposed amendments was published in The Florida Bar News.  The notice

directed interested persons to file their comments directly with the Court.  The

Court did not receive any comments.

After considering the Bar's petition, we adopt these straightforward

amendments as proposed.  The comment to rule 4-1.1 (Competence) is amended to

add language providing that competent representation may involve a lawyer's association with, or retention of, a non-lawyer advisor with established technological competence in the relevant field. Competent representation may also entail safeguarding confidential information related to the representation, including electronic transmissions and communications. Additionally, we add language to the comment providing that, in order to maintain the requisite knowledge and skill, a lawyer should engage in continuing study and education, including an understanding of the risks and benefits associated with the use of technology.

In rule 6-10.3 (Minimum Continuing Legal Education Standards), subdivision (a) (Applicability) is amended to clarify when Bar members must apply and receive approval for an exemption from the continuing legal education requirements (pursuant to subdivision (c) (Exemptions)), and when the exemption is automatic. We amend subdivision (b) (Minimum Hourly Continuing Legal Education Requirements) to change the required number of continuing legal education credit hours over a three-year period from 30 to 33, with three hours in an approved technology program. We also amend subdivision (b) to delete language requiring that courses offering credit in professionalism be approved by the Center for Professionalism. The Bar's petition indicates these courses will now be approved by the Department of Legal Specialization and Education. Subdivision (g) (Skills Training Preadmission) is amended to change the

requirement for completing an approved basic skills or entry level training program presented by a governmental entity from within eight months prior to Bar admission, to twelve months. Finally, we have made a number of non-substantive or grammatical amendments throughout rule 6-10.3 to clarify the wording.

Accordingly, the Rules Regulating the Florida Bar are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Rules Regulating the Florida Bar

John F. Harkness, Jr., Executive Director, William J. Schifino, Jr., President, Ramón A. Abadin, Past-President, Michael Jerome Higer, President-elect Designate, John Mitchell Stewart, Chair, Vision 2016 Technology Subcommittee, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 4-1.1          COMPETENCE

A lawyer ~~shall~~<u>must</u> provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

## COMMENT

### Legal knowledge and skill

In determining whether a lawyer employs the requisite knowledge and skill in a particular matter, relevant factors include the relative complexity and specialized nature of the matter, the lawyer's general experience, the lawyer's training and experience in the field in question, the preparation and study the lawyer is able to give the matter, and whether it is feasible to refer the matter to, or associate or consult with, a lawyer of established competence in the field in question.  In many instances the required proficiency is that of a general practitioner.  Expertise in a particular field of law may be required in some circumstances.

A lawyer need not necessarily have special training or prior experience to handle legal problems of a type with which the lawyer is unfamiliar.  A newly admitted lawyer can be as competent as a practitioner with long experience.  Some important legal skills, such as the analysis of precedent, the evaluation of evidence and legal drafting, are required in all legal problems.  Perhaps the most fundamental legal skill consists of determining what kind of legal problems a situation may involve, a skill that necessarily transcends any particular specialized knowledge.  A lawyer can provide adequate representation in a wholly novel field through necessary study.  Competent representation can also be provided through the association of a lawyer of established competence in the field in question.

<u>Competent representation may also involve the association or retention of a non-lawyer advisor of established technological competence in the field in question.  Competent representation also involves safeguarding confidential information relating to the representation, including, but not limited to, electronic transmissions and communications.</u>

In an emergency a lawyer may give advice or assistance in a matter in which the lawyer does not have the skill ordinarily required where referral to or

consultation or association with another lawyer would be impractical.  Even in an emergency, however, assistance should be limited to that reasonably necessary in the circumstances, for ill-considered action under emergency conditions can jeopardize the client's interest.

A lawyer may accept representation where the requisite level of competence can be achieved by reasonable preparation.  This applies as well to a lawyer who is appointed as counsel for an unrepresented person.  See also rule 4-6.2.

**Thoroughness and preparation**

Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners.  It also includes adequate preparation.  The required attention and preparation are determined in part by what is at stake; major litigation and complex transactions ordinarily require more extensive treatment than matters of lesser complexity and consequence.  The lawyer should consult with the client about the degree of thoroughness and the level of preparation required as well as the estimated costs involved under the circumstances.

**Maintaining competence**

To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated with the use of technology, and comply with all continuing legal education requirements to which the lawyer is subject.

**RULE 6-10.3     MINIMUM CONTINUING LEGAL EDUCATION STANDARDS**

(a)  **Applicability.**  Every member except those exempt under rule 6-10.3(c)(4) and (5) shallsubdivision (c) of this rule must comply and report compliance with the continuing legal education requirement.  Members must apply for and receive approval by the bar of an exemption from compliance and reporting of continuing legal education under subdivisions (c)(1) through (c)(3) of this rule. Members described in subdivisions (c)(4) through (c)(6) of this rule are

automatically exempt from compliance and reporting of continuing legal education.

**(b) Minimum Hourly Continuing Legal Education Requirements.** Each member ~~shall~~must complete a minimum of ~~30~~33 credit hours of approved continuing legal education activity every 3 years. Five of the ~~30~~33 credit hours must be in approved legal ethics, professionalism, bias elimination, substance abuse, or mental illness awareness programs and 3 of the 33 credit hours must be in approved technology programs. ~~Courses offering credit in professionalism must be approved by the center for professionalism. These 5 hours~~, which are ~~to be~~ included in, ~~and~~ not in addition to, the regular ~~30-hour~~33 credit hour requirement. If a member completes more than ~~30~~33 credit hours during any reporting cycle, the excess credits cannot be carried over to the next reporting cycle.

**(c) Exemptions.** Eligibility for an exemption, in accordance with policies adopted under this rule, is available for~~;~~:

(1) – (4) [No Change]

(5) justices of the Supreme Court of Florida and judges of the district courts of appeal, circuit courts, and county courts, and ~~such~~ other judicial officers and employees as ~~may be~~ designated by the Supreme Court of Florida; and,

(6) [No Change].

**(d) Course Approval.** Course approval ~~shall be~~is set forth in policies adopted pursuant to this rule. Special policies ~~shall~~will be adopted for courses sponsored by governmental agencies for employee attorneys that ~~shall~~ exempt ~~such~~these courses from any course approval fee and may exempt ~~such~~these courses from other requirements as determined by the board of legal specialization and education.

**(e) Accreditation of Hours.** Accreditation standards ~~shall be~~are set forth in the policies adopted under this rule. ~~If a~~Any course ~~is~~ presented, ~~or~~ sponsored ~~by~~ or ~~has received credit approval from~~approved for credit by an organized integrated or voluntary state bar ~~(whether integrated or voluntary), such course shall be~~is deemed an approved course for purposes of this rule if the course meets the criteria for accreditation established by policies adopted under this rule.

**(f)** **Full-time Government Employees.** Credit hours ~~shall~~will be given full-time government employees for courses presented by governmental agencies. Application for credit approval may be submitted by the full-time government attorney before or after attendance, without charge.

**(g)** **Skills Training Preadmission.** The board of legal specialization and education may approve for CLER credit a basic skills or entry level training program developed and presented by a governmental entity. ~~If approved, credit~~Credit earned through attendance at ~~such~~an approved course <u>developed and presented by a governmental entity is applicable under subdivision (b) of this rule</u>, <u>if taken</u> within ~~8~~12 months prior to admission to The Florida Bar~~, shall be applicable under rule 6-10.3(b)~~.